IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00082-BNB

JULIE LYNN PONDER #109524,

      Plaintiff,

v.

EXECUTIVE DIRECTOR MR. A. ZAVARAS, Colorado Department of Corrections,
EXECUTIVE DIRECTOR MR. JOE ORTIZ, Colorado Department of Corrections,
WARDEN MR. NOBLE WALLACE, Denver Women's Correctional Facility,
WARDEN MS. J. SHOEMAKER, Denver Women's Correctional Facility,
WARDEN MR. RIED, La Vista Correctional Facility,
WARDEN MS. PLOUGH, Colorado Women's Correctional Facility,
WARDEN MR. MURRAY, High Plains Correctional Facility, Cornell Companies Inc.,
COMMUNITY CORRECTIONS BOARD, and
TOM MOORE, of the CDOC Division of Adult Parole and Community Corrections,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 03 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Julie Lynn Ponder, is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the High Plains Correctional Facility

in Brush, Colorado. Ms. Ponder filed a Prisoner Complaint pursuant to 42 U.S.C.

§ 1983. The Court must construe the Complaint liberally because Ms. Ponder is a *pro

se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110.

Generally, Ms. Ponder asserts that prison officials have violated her Eighth

Amendment right to be free from cruel and unusual punishment by harassing and

threatening her and by denying her medical treatment for chronic fatigue syndrome. She also asserts that she has been denied parole on several occasions, that her access to the prison grievance procedure has been wrongfully restricted, and that she was wrongfully convicted of a Code of Penal Discipline (COPD) violation. For the reasons stated below, Ms. Ponder will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Ms. Ponder and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Ponder fails to set forth a short and plain statement of her claims showing

that she is entitled to relief. Ms. Ponder's claims are repetitive and unnecessarily verbose. Therefore, Ms. Ponder will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Ms. Ponder is reminded that it is her responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Ms. Ponder also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Ponder must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Ponder is instructed that to state a claim in this Court, she must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Ms. Ponder file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Ponder, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Ms. Ponder, within the time allowed, fails to file an Amended Complaint that complies with this Order the Complaint and the action will be dismissed without further notice.

DATED March 3, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00082-BNB

Julie Lynn Ponder
Prisoner No. 109524
High Plains Corr. Facility
901 Industrial Park Rd.
Brush, CO 80723


     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ⎽⎽3/3/10⎽⎽⎽

GREGORY C. LANGHAM, CLERK

By:⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
               Deputy Clerk