IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00082-BNB

JULIE LYNN PONDER #109524,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, et al,
EXECUTIVE DIRECTOR A. ZAVARAS,
EXECUTIVE DIRECTOR JOE ORTIZ,
DENVER WOMEN'S CORRECTIONAL FACILITY, et al,
WARDEN SHOEMAKER,
WARDEN NOBLE WALLACE,
CASE MANAGER MR. MILLER,
CASE MANAGER MR. DEPRIEST,
INVESTIGATOR AL HOLTZ,
MENTAL HEALTH SUPERVISOR CAMMILE CARRHER,
HILLARY VICTOROFF,
LT PADGET,
LT SHELBLY,
ASSOCIATE WARDEN BUTTERFIED,
INVESTIGATOR MR. SMALL,
SGT. CROSLEY,
CO MR. GORTNER,
SGT MR. KATZENBURG,
OFFENDERS KIM HARRIS, #116 208,
K. HUNT,
SALLY SCOTT, # 8____,
A. RANDELL, #101545,
RUTH INGRAHAM,
HIGH PLAINS CORRECTIONAL FACILITY ET AL,
WARDEN RON MURRAY,
MAJOR ANDING,
MRS. T. ANDING,
LT. HERRICK,
LT. ANDERSON,
LT. FORRY,
CASE MANAGER MS. DEAL,
CAPTAIN SEYBOLD,
LT. SILVA,
SGT. MARTINEZ,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 1 2010

GREGORY C. LANGHAM
            CLERK

SGT. DREASEN,
DR. COHEN,
MENTAL HEALTH WORKER MS. KELLY,
"DOE DEFENDANTS" ON CALL-BOX SPEAKER,
MS. SAVAGE,
MR. FURGUSSEN,
MR. LANGFORD,
SGT GARRETT (kitchen),
OFFENDERS L. TRUJILLO, # 92989,
L. ORIGDERF, # 145379,
A. DJAOUNE, #137090,
MANZANARAS, #112734,
RENDON, #125388,
M. MARTINEZ, #144137,
GARCIA, #58734,
LA VISTA CORRECTIONAL FACILITY ET AL,
WARDEN RIED,
CASE MANAGER MS. HAGAR,
CASE MANAGER MS. HOLLOWAY,
JUDY SIAZ,
DR. WERMER,
MENTAL HEALTH DR. AUDET,
MS. NUEMISTER, MENTAL HEALTH,
CASE MANAGER MRS. TRAXLER,
CASE MANAGER MR. DEETS,
LT. NAPLES,
LT. CHAVES, and
CAPTAIN KOLATH,

     Defendants.

---

ORDER TO FILE SECOND AND FINAL AMENDED COMPLAINT

---

     Plaintiff, Julie Lynn Ponder, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Denver Women's Correctional Facility. On March 3, 2010, Magistrate Judge Boyd N. Boland ordered Ms. Ponder to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. After receiving several

extensions of time, Ms. Ponder filed an amended complaint on April 28, 2010.

The Court must construe the amended complaint liberally because Ms. Ponder is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Ponder will be directed to file a second and final amended complaint.

The Court has reviewed Ms. Ponder's amended complaint and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Boland informed Ms. Ponder in the March 3 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland noted that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He specifically noted Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." He explained that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He also

3

explained that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Ponder's amended complaint suffers from some of the same deficiencies as the complaint she originally filed. Ms. Ponder fails to set forth a short and plain statement of her claims showing that she is entitled to relief. Her claims are repetitive, verbose and confusing. Ms. Ponder asserts ten claims against sixty-two defendants. In the Amended Complaint, she sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of her claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the complaint is excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Ms. Ponder fails to understand that it is her responsibility to present her claims in a manageable format that allows the Court and the Defendants know what claims are being asserted and to be able to respond to those claims. Ms. Ponder must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.

As Magistrate Judge Boland explained in the March 3 order for an amended

4

complaint, in order to state a claim in federal court, Ms. Ponder "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Ms. Ponder will be given a final opportunity to cure the deficiencies in her amended complaint by submitting a second and final amended complaint that complies with Fed. R. Civ. P. 8. She will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Julie Lynn Ponder, **within thirty (30) days from the date of this order**, file a second and final amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj

United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Ponder, together with a copy of this order, two copies of the following form to be used in submitting the second and final amended complaint: Complaint. It is

FURTHER ORDERED that, if Ms. Ponder fails to file a second and final amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 10th day of May, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00082-BNB

Julie Lynn Ponder
Prisoner No. 109524
Denver Women's Corr. Facility
PO Box 392005
Denver, CO  80239

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5\11\10

                           GREGORY C. LANGHAM, CLERK

                           By: _____
                                  Deputy Clerk