IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00082-BNB

JULIE LYNN PONDER #109524,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, et al,
EXECUTIVE DIRECTOR A. ZAVARAS,
EXECUTIVE DIRECTOR JOE ORTIZ,
DENVER WOMEN'S CORRECTIONAL FACILITY, et al,
WARDEN SHOEMAKER,
WARDEN NOBLE WALLACE,
CASE MANAGER MR. MILLER, and
CASE MANAGER MR. DEPRIEST,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 1 2010

GREGORY C. LANGHAM
    CLERK

---

## ORDER DENYING PRELIMINARY INJUNCTIONS

---

This matter is before the Court on the motions for preliminary injunction that Plaintiff, Julie Lynn Ponder, filed with the Court on January 15, 2010, and April 28, 2010. Ms. Ponder filed a prisoner complaint on January 4, 2010; was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on February 8, 2010; and paid the $350.00 filing fee in this action on February 25, 2010.

Ms. Ponder asks this Court to order Defendants to immediately release her on parole and for a judgment from Defendants in the amount of $100,000. She further requests that the Court order Defendants to stop any alleged retaliatory treatment against her.

The Court must construe the motions liberally because Ms. Ponder is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that she will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action – a mandatory preliminary injunction--before a trial on the merits occurs." *Id.* Because Ms. Ponder is seeking a mandatory preliminary injunction that seeks to alter the status quo, she must make a heightened showing of the four factors listed above. *See id.* at 1209.

Ms. Ponder does not demonstrate a substantial likelihood of prevailing on the merits, that she will suffer irreparable injury if no preliminary injunction is issued, that her threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public

interest. Indeed, other than including a general citation to her Prisoner Complaint, Ms. Ponder makes no attempt to satisfy any of the four factors required for a preliminary injunction to issue. *See Lundgrin*, 619 F.2d at 63. Therefore, the motions for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion for preliminary injunction (Doc. # 5) filed on January 15, 2010, and the motion for preliminary injunction (Doc. # 23) filed on April 28, 2010, by Plaintiff, Julie Lynn Ponder, are denied.

DATED at Denver, Colorado, this __10th__ day of __May__, 2010.

BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00082-BNB

Julie Lynn Ponder
Prisoner No. 109524
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/11/10

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk