# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-00082- ¡BNB

(To be supplied by the court)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 9 2010

GREGORY C. LANGHAM
CLERK

JULIE LYNN PONDER #109524

_____, Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS et al
_____,

EXECUTIVE DIRECTOR A. ZAVARAS
_____,

EXECUTIVE DIRECTOR JOE ORTIZ
_____,

DENVER WOMEN'S CORRECTIONAL FACILITY et al
_____,

WARDEN SHOEMAKER
_____,

WARDEN NOBLE WALLACE
_____,

CASE MANAGER MR. MILLER
_____,

CASE MANAGER MR. DEPRIEST
_____, Defendant(s).

(List each named defendant on a separate line.)

_____

### PRISONER COMPLAINT

_____

(Rev. 1/30/07)

DEFENDANTS

INVESTIGATOR ALHOLTZ
MENTAL HEALTH SUPERVISOR CAMMILE CARRAGHER
NP HILLARY VICTOROFF
LT PADGET
LT SHELBY
ASSOCIATE WARDEN BUTTERFIELD
INVESTIGATOR MR. SMALL
SGT CROSLEY
CO MR. GORTNER
SGT MR. KATZENBURG
STEP III CRIEVANCE OFFICER ANTHONY DECESARO
OFFENDERS
KIM HARRIS #116208
K. HUNT
SALLY SCOTT
A RANDELL #101545
RUTH INGRAHAM

HIGH PLAINS CORRECTIONAL FACILITY ET AL
WARDEN RON MURRAY
MAJOR ANDING
MRS T. ANDING
LT HERRICK
LT ANDERSON
LT FORRY
CASE MANAGER MRS. DEAL
CAPTAIN SEYBOLD
LT SILVA
DR. COHEN
MENTAL HEALTH WORKER MS KELLY MEAGHAN
DOE DEFENDANTS ON THE CALL-BOX-SPEAKER
MR. LANGFORD

OFFENDERS
L. TRUJILLO $92989
L. ORINGDERF # 145379
A. DJAOUNE #137090
MANAZANARAS #112734
RENDON #125388
MERISKA MARTINEZ #114137
E. GARCIA #58734

LA VISTA CORRECTIONAL FACILITY ET AL
WARDEN RIED
CASE MANAGER MS HAGAR
CASE MANAGER MS HOLLOWAY
NP JUDY SIAZ
DR. WERMER
MENTAL HEALTH WORKER DR. AUDET
MENTAL HEALTH SUPERVISOR MS. NUEMISTER

COLORADO WOMENS CORRECTIONAL FACILITY ET AL
NP MARY KAYE CARTER

COMMUNITY CORRECTIONS BOARD ET AL
CDOC DIV OF ADULT PAROLE AND COMMUNITY CORRECTIONS AND OFFENDER
    SERVICES ET AL

## A. PARTIES

1. JULIE LYNN PONDER #109524, DENVER WOMENS CORRECTIONAL FACILITY
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   3600 HAVANA STREET, PO BOX 392005, DENVER, CO 80239

2. COLORADO DEPARTMENT OF CORRECTIONS ET AL
   (Name, title, and address of first defendant)
   CENTRAL OFFICER, 2862 SOUTH CIRCLE DRIVE, COLORADO SPRINGS,CO

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under
   color of state law? X_ Yes ___ No (CHECK ONE). Briefly explain your answer:

3. HIGH PLAINS CORRECTIONAL FACILITY ET AL,CORNELL COMPANIES INC.
   (Name, title, and address of second defendant)
   901 INDUCTRIAL PARK ROAD, BRUSH, CO 80723

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under
   color of state law? _X_ Yes ___ No (CHECK ONE). Briefly explain your answer:

4. COMMUNITY CORRECTIONS BOARD ET AL of the
   CDOC DIV OF ADULT PAROLE AND COMMUNITY CORRECTIONS ET AL
   (Name, title, and address of third defendant)
   12157 WEST CEDAR DRIVE, LAKEWOOD, CO 80228

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under
   color of state law? X_ Yes ___ No (CHECK ONE). Briefly explain your answer:

(If you are suing more than three defendants, use extra paper to provide the information
requested above for each additional defendant. The information about additional defendants
should be labeled "A. PARTIES.")

(Rev. 1/30/07)                                2

## B. JURISDICTION

1.   I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

     __X__    28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

     ____    28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) (federal prisoners)

2.   I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

_____

_____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

<u>COURT'S JURISDICTION</u>

1. The Plaintiff JULIE LYNN PONDER IS A CITIZEN OF THE United states, and is currently incarcerated in the Colorado Department of Corrections, at Denver Women's Correctional Facility, in Denver County, Colorado. This suit is a PRISONERS COMPLAINT regarding Conditions of Confinement and violation of Prisoners Rights, a violation of the Federal Constitutions 5th, 8th, and 14th Amendments.

2. The Defendants were employed by the Colorado Department of Corrections and acting under the color of the law during the time of the Plaintiff's claims. The Central Office of the Colorado Department of Corrections is located in Colorado Springs, El Paso County, Colorado.

3. The Defendants were employed by High Plains Correctional Facility and acting under the color of the law at the time of the Plaintiff's claims. High Plains Correctional Facility is located in Morgan County, Colorado, and privately owned by Cornell Companies Inc..

4. The Offender Defendants were incarcerated in the Colorado Department of Corrections at the time of the Plaintifff's claims.

(Rev. 1/30/07)          3

## C. NATURE OF THE CASE

### BRIEF BACKGROUND & GROUNDS

5. The Colorado Department of Corrections deliberately and MALICIOUSLY INFLICTED UNNECESSARY AND WANTON MENTAL PAIN AND ANGUISH upon the Plaintiff by SEXUAL HARASSMENT AND RETALIATION from 2005 to 2008 at Denver Women's Correctional Facility.

The Plaintiff was PHYSICALLY AND PSYCHOLOGICALLY INJURED with Chronic Fatigue Syndrome which is a PERMANENT AND DISABLING illness.

The Colorado Department of Corrections DELIBERATELY AND MALICIOSLY INFLICTED UNNECESSARY AND WANTON MENTAL PAIN AND ANGUISH UPON THE Plaintiff by SEXUAL HARASSMENT AND RETALIATION for 10 months in 2008 at La Vista Correctional Facility.

OFFICER RETALIATION after prison officials attempts to solicite the Plaintiff and give the Plaintiff a COPD violation for sexual misconduct all fail.  Officers attempted to provoke the Plaintiff into acting-out "violently" or to "act-out crazy."  Prison officials used a "mind telepathy machine" to try and make the Plaitiff "mentally insane."  This occured for one year in 2009 at High Plains Correctional Facility. *Then continued at Denver Women's Correctional facility to the present.*
In RETALIATION the Plaintiff's PROGRESSION TO COMMUNITY CORRECT-IONS WAS UNJUSTIFIABLY DENIED REPEATEDLY from 2006 to the present *2010.*

The Defendants FALSIFIED THE Plaintiff's CLASSIFICATION RECORDS MEDICAL RECORDS, MENTAL HEALTH RECORDS to discredit the Plaintiff, cover-up officer misconduct, cover-up the Plaintiff's injury, and to falsely justify the Plaintiff's continued incarceration.

The Defendants PREVENTED THE PLAINTIFF FROM EXHAUSTING HER ADMINISTRATIVE REMEDIES AND FROM FILING A LAWSUIT by violating the Grie-vance Procedure and wrongfully restricting the Plaintiff from the Grievance Procedure.

In RETALIATION FOR FILING THIS LAWSUIT the Colorado Department of Corrections gave the Plaintiff a WRONGFUL COPD CONVICTION AND PUNITIVE CONFINEMENT, *and continued to provoke, intimidate, and try to make the Plaintiff insane.*

# D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One:  DELIBERATE INFLICTION OF UNNECESSARY AND WANTON MENTAL PAIN AND ANGUISH from 2005 to the present.

Supporting Facts:

PLAINTIFFS ALLEGATIONS AND GROUNDS

6. The Defendants DENVER WOMENS CORRECTIONAL FACILITY ET AL DELIBERATELY AND MALICIOUSLY INFLICTED UNNECESSARY AND WANTON MENTAL PAIN AND ANGUISH upon the Plaintiff by SEXUAL HARASSMENT AND OFFICER RETALIATION from December 2004 to March 2008.  The sexual harassment and retaliation was daily, facility wide, by the majority of staff and consisted of the following: sexual gestures, sexual comments and jokes about the Plaintiff and CDOC officers Captain Little and Anthony Allires.  Officers implied solicitation using the Plaintiffs application for Community Corrections as bait.  Officers retaliated against the Plaintiff when she did not accept the solicitation by canceling her packouts-transport and denying her progression to Community Corrections.  Prison staff retaliated with intim-idation, verbal threats, and trying to give the Plaintiff a COPD violation.  Specific names and dates are listed on grievances.  Allegations will be verified by witness testimony, daily journal documentation.

7. The Defendants CO GORTNER AND SGT CROSLEY HARASSED AND RETALIATED against the Plaintiff by telling other offenders about a relationship between the Plaintiff and CDOC officers Captain Little and Anthony Allires.  Defendants CO GORTNER AND SGT CROSLEY canceled the Plaintiff's scheduled packouts to Community Corrections by deleting the Plaintiffs name off the computer list.  Specific dates listed on grievances.  This pattern of officer misconduct occured repeatedly over two years.

8. The Defendants SGT KATZENBURG AND DOE DEFENDANTS SECURITY OFFICERS HARASSED AND RETALIATED against the Plaintiff by repeating confidential statements the Plaintiff made during her therapy sessions.  Specific dates on grievances.  Allegations will be verified by witness testimony and daily journal documenta-tion.

9. The PLAINTIFF REPORTED OFFICER MISCONDUCT in writing and verbally during appointments to the following Defendants who participated in the RETALIATION BY BEING DELIBERATELY INDIFFER-ENT: CASE MANAGER MR. MILLER, INVESTIGAYTORS SMALL AND ALHOLTZ, NP HILLARY VICTOROFF, MENTAL HEALTH SUPERVISOR CAMILLE CARRAGHER, WARDEN NOBLE WALLACE, WARDEN J. SHOEMAKER, AND EXECUTIVE DIRECTOR JOE ORTIZ.  Allegations will be verified by copies of letters and daily journal documentation.

D. CAUSE OF ACTION

1. Claim One Continued

10. Since the officer misconduct was daily, facility wide, and longterm, it can be deduced that the HARASSMENT AND RETALIATION WAS CONDONED AND ORDERED BY ADMINISTRATION, making the main Defendants WARDEN WALLACE, WARDEN SHOEMAKER, AND EXECUTIVE DIRECTOR OF THE CDOC JOE ORTIZ.

11. PRISON STAFF COERCED OFFENDER DEFENDANTS INTO PARTICIPATING IN THE SEXUAL HARASSMENT AND RETALIATION facility wide. Offender Defendants KIM HARRIS #116208, K. HUNT, SALLY SCOTT #8_____, A. RANDELL #101545 and RUTH INGRAHAM, told other offender about a relationship between the Plaintiff and Captain Little, they told other offenders to try and set-up the Plaintiff to get a COPD violation, and to try and make the Plaintiff "act or look crazy." Dates listed on grievances. This offender harassment occured repeatedly over the course of two years. Allegations will be verified by witness testimony, and daily journal documentation.

12. The Defendants LA VISTA CORRECTIONAL FACILITY ET AL DELIBER-ATELY AND MALICIOUSLY INFLICTED UNNECESSARY AND WANTON MENTAL PAIN AND ANGUISH upon the Plaintiff by SEXUAL HARASSMENT AND RETALIATION from March 2008 to December 2008. The sexual harassment and retaliation was daily, facility, by the majority of staff and consisted of the same pattern of misconduct in Allegation #6. Specific dates on grievances. This officer misconduct occured repeatedly over 10 months. Allegations will be verified by witness testimony and daily journal documentation.

13. The Plaintiff reported OFFICER MISCONDUCT to the following Defendants who participated in the RETALIATION BY BEING DELIBER-ATELY INDIFFERENT: CASE MANAGER MS. HALLOWAY, MENTAL HEALTH WORKER DR. AUDET, MENTAL HEALTH SUPERVISOR MS. NUEMISTER, NP JUDY SIAZ, DR. WERMER, WARDEN RIED, AND CDOC EXECUTIVE DIRECTO A. ZAVARAS. Allegations will be verified by copies of letters and daily journal documentation.

14. Since the officer misconduct was daily, facility wide, and longterm it can be deduced that the HARASSMENT AND RETALIATION WAS CONDONED AND ORDERED BY ADMINISTRATION, making the main Defendants WARDEN RIED AND CDOC EXECUTIVE DIRECTOR A. ZAVARAS.

15. The Defendants HIGH PLAINS CORRECTIONAL FACILITY ET AL DELIBERATELY AND MALICIOUSLY INFLICTED UNNECESSARY AND WANTON MENTAL PAIN AND ANGUISH upon the Plaintiff by trying to provoke the Plaintiff into acting-out "violently" or "crazy," daily for one year 2009-2010. The retaliation was facility wide and by the majority of staff. Prison officials used DELIBERATE OVER-STIMULATION with loud noise wherever the Plaintiff was in the facility. Prison officials COERCED OFFENDERS over the call-box-speakers to repeat loud enough for the Plaintiff to hear, the Plaintiff's conversations, activities, and thoughts, wherever the Plaintiff was in the facility. The Defendants used a "mind telepathy machine" to try and make the Plaintiff mentally insane.

D. CAUSE OF ACTION

1. Claim One Continued

15. Specific dates listed on grievances. Allegations will be verified by witness testimony and daily journal documentation.

16. PRISON OFFICIALS COERCED OFFENDERS INTO PROVOKING THE PLAINTIFF. Offender Defendants LAURA TRUJULLO, LISA ORINGDERF, MANZANARAS, RENDON, MERISCA MARTINEZ, AND ESTER GARCIA provoked the Plaintiff by intentally using the TV/Radio excessively loud during unauthorized hours, yelling and singing excessively loud in their cell, deliberately dragging chairs on the cell floor, and ganging-up on the Plaintiff. Specific names and dates on grievances and witness statements. Allegations will be verified by witness testimony and daily journal documentation.

17. Offender Defendant A. DJAOUNE ASSAULTED THE PLAINTIFF AS ENCOURAGED BY STAFF on December 9, 2009. Allegation will be verified by witness testimony.

18. Offender MERISCA MARTINIZ TRIED TO FORCE THE PLAINTIFF INTO A PHYSICAL FIGHT AS ENCOURAGED BY STAFF on January 18, 2010. Allegation will be verified by witness testimony, COPD Conviction, and daily journal documentation.

19. DefendantOFFICER MR. LANGFORD DELIBERATELY ENCOURAGED CONFLICT BETWEEN OFFENDER A. DJAOUNE AND THE PLAINTIFF with the intent of provoking the Plaintiff to acting out violently. On December 9, 2009. Allegation will be verified by witness testimony.

20. The Defendants HIGH PLAINS CORRECTIONAL FACILITY ET AL WERE DELIBERATELY INDIFFERENT TO THE PLAINTIFFS BASIC NEEDS FACILITY WIDE, such as medical and dental care, diet, employment, programs clothing, housing and legal assistance. Specific dates listed on grievances. Allegations will be verified by witness testimony and daily journal documentation.

21. The PLAINTIFF REPORTED THE OFFICER RETALIATION in writing and verbally during appointments to the following Defendants who participated in the RETALIATION BY BEING DELIBERATELY INDIFFER-ENT and not stopping the retaliation or protecting the Plaintiff: SHIFT COMMANDER LT ANDERSON, SHIFT COMMANDER LT FORRY, SHIFT COMMANDER LT HERRICK, AND MAJOR ANDING. Allegations will be verified by grievances, witness statements, and daily journal documentation.

22. Since the misconduct was facility wide, daily, and longterm it can be deduced that the HARASSMENT AND RETALIATION WAS CONDONED AND ORDERED BY ADMINISTRATION, making the main Defendants WARDEN RON MURRAY AND CDOC EXECUTIVE DIRECTOR A. ZAVARAS.

THE PLAINTIFF IS INTITLEED TO RELIEF
23. The DELIBERATE AND MALICIOUS INFLICTION OF UNNECESSARY AND WANTON MENTAL PAIN AND ANGUISH upon a prisoner is Cruel and Unusual Punishment, a violation of a prisoners right to be

## D. CAUSE OF ACTION

1. Claim One Continued

23. equally protected, and a violation of the Federal Constitutions 8th Amendment.

24.   The Plaintiff is intitled to relief from the Defendants the COLORADO DEPARTMENT OF CORRECTIONS ET AL AND HIGH PLAINS CORRECTIONAL FACILITY ET AL, by reasons alleged in Claim #1.

### DEMAND FOR RELIEF

25. The Plaintiff respectfully requests this court to enter judgment in her favor in the sum of 3 million dollars for compensatory damages from the above Defendants for the INFLICTION OF MENTAL PAIN AND ANGUISH upon the Plaintiff from 2005 to the present.  An order for the above Defendants to stop retaliating aginst the Plaintiff for the remainder of her incarceration and supervision by the State of Colorado.  And any other relief the court deems just.

2.  Claim Two:  PERMANENT AND DISABLING PHYSICAL INJURY
                CRUEL AND UNUSUAL PUNISHMENT

Supporting Facts:

### ALLEGATIONS AND GROUNDS

26. As establuished in Claim #1, the Defendants the COLORADO DEPARTMENT OF CORRECTIONS ET AL and HIGH PLAINS CORRECTIONAL FACILITY ET AL DELIBERATELY AND MALICIOUSLY INFLICTED UNNECESSARY AND WANTON MENTAL PAIN AND ANGUISH UPON THE PLAINTIFF from December 2004 to the present 2010.

27. The "Stress and Trauma" from 2004 to 2010 PERMANENTLY INJURED AND DISABLED THE PLAINTIFF with Chronic Fatigue Syndrome. November 2007 the Plaintiff was diagnosed with Chronic Fatigue after experiencing symptoms for 6 month to a year.  THE INJURY-ILLNESS WAS EXACERBATED BY THE DEFENDANTS CONTINUED MISCONDUCT AND DELIBERATE INDIFFERENCE from 2007 to the present.

28. The Plaintiff's injury Chronic Fatigue Syndrome is a PERMAN-ENT INJURY and HAS DISABLED THE PLAINTIFF SO SHE CAN NO LONGER WORK FULLTIME and meet her financial responsibilities. The Plaintiff's injury PREVENTS HER FROM BEING OUTSIDE MORE THAN 15 MINUTES PER DAY and participating in the outdoor activities she did prior to the injury inflicted upon her.

### PLAINTIFF IS INTITLED TO RELIEF

29. The DELIBERATE AND MALICIOUS INFLICTION OF UNNECESSARY AND WANTON MENTAL PAIN and ANGUISH UPON THE PLAINTIFF CAUSING PERMANENT AND DISABLING INJURY is Cruel and Unusual Punishment and DELIBERATE INDIFFERENCE, a violation of the Federal Constitutions 8th Amendment.

30. The Plaintiff is intitled to relief from the Defendants the COLORADO DEPARTMENT OF CORRECTIONS ET AL and HIGH PLAINS CORRECTIONAL FACILITY ET AL, by reasons of the facts alleged in Claim #2.

### DEMAND FOR RELIEF

31. The Plaintiff respectfjully requests that this court enter judgment in her favor in the sum of three million dollars compensatory damages from the Defendants COLORADO DEPARTMENT OF CORRECTIONS ET AL and HIGH PLAINS CORRECTIONAL FACILITY ET AL, for permanent and disabling injury, loss of wages, and future medical costs.  And any other relief the court deems just.

(Rev. 1/30/07)                        5

3.  Claim Three:    DELIBERATE INDIFFERENCE AND DENIAL OF MEDICAL CARE
                    FOR PLAINTIFFS INJURY

        Supporting Facts:

                   PLAINTIFFS ALLEGATIONS AND GROUNDS

33. The Defendant NP HILLARY VICTOROFF employed by DENVER WOMENS
CORRECTIONAL FACILITY ET AL diagnosed the Plaintiff with
Chronic Fatigue syndrome November 23, 2007, but later told the
Plaintiff "we don't treat that here."  Will be verified by
clinical notes and daily journal documentation.

34. The Defendants NP JUDY SIAZ and DR. WERMER employed by
LA VISTA CORRECTIONAL FACILITY ET AL  agreed the Plaintiff had
Chronic Fatigue Syndrome but then said "we don't treat that
here." Will be verified by clinical notes and daily journal
documentation. March 2008 to December 2008.

35. The Defendant PA HANKS employed by LA VISTA CORRECTIONAL
FACILITY ET AL informed the Plaintiff she may have developed
a gluten intolerance that was contributing to the Plaintiff's
injury, but did not test the Plaintiff or treat the Plaintiff
for gluten intolerace.

36. The Defendants NP JUDY SIAZ AND DR. WERMER were informed
that the Plaintiff was not getting enough rest in a 5-person
cell and they knew that it was exacerbating the Plaintiff's
injury, but would not order a 1 or 2 person cell for the
Plaintiff's medical condition.

37. The Defendants DR. COHEN NAD MEDICAL ADMINISTRATOR MRS.
ANDING employed at HIGH PLAINS CORRECTIONAL FACILITY ET AL
denied the Plaintiff had a diagnosis for Chronic Fatigue in
her file despite the fact it was documented in several places.

38. The Plaintiff developed food intolerances to gluten, dairy,
soy, nuts, citrus, corn, eggs, apples, but the Defendants
HIGH PLAINS CORRECTIONAL FACILITY ET AL and COLORADO DEPARTMENT
OF CORRECTIONS ET AL would not treat the intolerances or
provide a replacement diet for the food intolerances.  The
Defendants knew the food intolerances were exacerabating the
Plaintiff's injury but were deliberately indifferent.  The
Plaintiff was forced to buy food on the prison commissary to
compensate, and spent an average on $100.00 per month on
food to get enough to eat.

39. The Defendants DR. COHEN and MRS ANDING knew that the
Plaintiff was not getting enough rest in a 4 or 6 or 8 person
cell and it was exacerbating the injury, but would not order
a 2 or 1 person cell assignment.

40. The Defendants DR COHEN AND MRS ANDING knew the Plaintiff's
allergies had become worse and unmanagable, and that the Plaintiff
could spend no longer that 15 minutes per day outside, but did
not send the Plaintiff to an allergy specialist for testing or
treatment.

(Rev. 1/30/07)                    6

D. CAUSE OF ACTION

3. Claim three Continued

<u>PLAINTIFF IS INTITLED TO RELIEF</u>

41. DELIBERATE INDIFFERENCE TO AN OFFENDERS SEROUUS MEDICAL NEEDS IS Cruel and Unusual Punishment, a violation of the Federal Constitutions 8th Amendment.

42. The Defendants the COLORADO DEPARTMENT OF CORRECTIONS ET AL and HIGH PLAINS CORRECTIONAL FACILITY ET AL were DELEBERATELY INDIFFERENT AND DENIED THE PLAINTIFF ████████ MEDICAL TREATMENT.

43. The Plaintiff is intitled to relief from the above Defendants by reason of the facts alleged in Claim #3.

<u>DEMAND FOR RELIEF</u>

44. The Plaintiff respectfully requests that the court order judgment in her favor in the sum of two hundred fifty thousand dollars compensatory damages from the Defendants the COLORADO DEPARTMENT OF CORRECTIONS ET AL and HIGH PLAINS CORRECTIONAL FACILITY ET AL, an order to the Defendants to provide all neccesary medical treatments including alternative medicine for the remainder of the Plaintiff's incarceration.  And any other relief the court deems just.

D. CAUSE OF ACTION

~. Cl~i~ ~

RETALIATION BY UNJUSTIFIED DENIAL OF
4. Claim Four: <u>PROGRESSION TO COMMUNITY CORRECTIONS 2006 to 2010</u>

Supporting Facts:

<u>ALLEGATIONS AND GROUNDS</u>

45. After Jefferson County Community Corrections accepted the Plaintiff, the DOE DEFENDANTS COLORADO DEPARTMENT OF CORRECTIONS ET AL deliberately did not trans-port the Plaintiff by the required date in July 2006 thenUNJUSTIFIABLY CLOSED-OUT THE PLAINTIFFS REFERAL.

46. In RETALIATION the Defendant CASE MANAGER MR. MILLER employed at DENVER WOMEN'S CORRECTIONAL FACILITY ET AL UNJUSTIFIABLY WOULD NOT SUBMIT A NEW REFERAL after 6 months whn the Plaintiff became eligable again.

47. In RETALIATION CASE MANAGER MILLER UNJUSTIFIABLY REQUIRED THE PLAINTIFF TO COMPLETE OVER A YEAR IN A PROGRAM, before he would "maybe consider" submitting another referal for Community Corrections.

48. February 2008 the Defendant CASE MANAGER MRS HAGAR employed at LA VISTA CORRECTIONAL FACILITY ET AL said she was changing the Plaintiff's parole address and in RETALIATION CLOSED -OUT THE PLAINTIFFS REFERAL PREVENTING THE PLAINTIFF FROM BEING CONSIDERED again for Community Corrections.

49. December 2008 the COMMUNITY CORRECTIONS BOARD ET AL RETALIAT-ED BY UNJUSTIFIABLY DENYING THE PLAINTIFFS PROGRESSION AGAIN.

50. September 2009 the ~~TTTT~~ DEFENDANTS COMMUNITY CORRECTIONS BOARD ET AL RETALIATED BY UNJUSTIFIABLY DENYING THE PLAINTIFFS PROGRESSION AGAIN.

<u>PLAINTIFF IS INTITLED TO RELIEF</u>

51. UNJUSTIFIABLY DENYING AN OFFENDER"S PROGRESSION TO COMMUNITY CORRECTIONS BY AN ABUSE OF DISCRETION OR RETALIATION is a violation of an offender's right to due process, Cruel and Unusual Punishment, and a violation of the Federal Constitutions 5th, 8th, and 14th Amendments.

52. The Plaintiff is intitled to relief from the above Defendants by reasons of the facts alleged in Claim #4.

<u>DEMAND FOR RELIEF</u>

53. The Plaintiff respectfully requests that the court order judgment in her favor in the sum of five hundred thousand dollars compensatory damages from the above Defendants the COLORADO DEPARTMENT OF CORRECTIONS ET AL, an order for the Defendants to immediately progress the Plaintiff to I.S.P. Community Corrections if she is still incarcerated at the time of this judgment. And any other relief the court deems just.

D. CAUSE OF ACTION

UNJUSTIFIABLE COPC CONVICTION FOR "FRAUD" OUT
5. Claim Five: OF RETALIATION AND TO DISCREDIT THE PLAINTIFFS REPORTS

Supporting Facts:

ALLEGATIONS AND GROUNDS

55. On March 21, 2007 the Defendants HEARINGS OFFICER LT PADGET and LT SCHELBLY employed at DENVER WOMENS CORRECTIONAL FACILITY ET AL RETALIATED BY DELIBERATELY AND UNJUSTIFIABLY CONVICTED THE PLAINTIFF OF A CLASS II VIOLATION "FRAUD" KNOWING SHE WAS NOT GUILTY, and that her reports of officer misconduct were true.

56. The Defendant INVESTIGATOR MR SMALL employed by DENVER WOMENS CORRECTIONAL FACILITY ET AL RETALIATED BY FALSELY CLAIMING THE PLAINTIFFS ALLEGATIONS WERE UNSUBSTANTIATED in his investigation and therefore made the Plaintiff a liar.

57. The Defendant MAJOR KLIENHOLTZ employed by DENVER WOMENS CORRECTIONAL FACILITY ET AL DELIBERATELY AND UNJUSTIFIABLY DENIED THE PLAINTIFFS OFFENDER APPEAL, knowing she was not guilty of the offense "Fraud."

58. The intention to the above Defendants DENVER WOMENS CORRECTIONAL FACILITY ET AL was to DISCREDIT THE PLAINTIFFS REPORTS OF OFFICER MISCONDUCT, TO PREVENT THE PLAINTIFF FROM MAKING MORE REPORTS OF OFFICER MISCONDUCT, thereby allowing prison official not to be accountable for their misconduct and thereby rewarding officer misconduct.

PLAINTIFF IS INTITLED TO RELIEF

59. TO DELIBERATELY AND UNJUSTIFIABLY CONVICT AN OFFENDER OF A COPD VIOLATION WITH THE INTENT TO DECIEVE OR OUT OF RETALIATION is a violation of an offenders right to due process, Cruel and Unusual Punishment, and a violation of the Federal Constitutions 5th, 8th, 14th Amendments.

60. The Plaintiff is intitled to relief from the COLORADO DEPART-MENT OF CORRECTIONS ET AL by reasons of the facts alleged in Claim #5.

DEMAND FOR RELIEF

61. The Plaintiff respectfully requests the court to enter judgment in her favor in the sum  of two hundred fifty thousand dollars compensatory damages from the above Defendants, the COLORADO DEPARTMENT OF CORRECTIONS ET AL for wrongful COPD conviction, an order for the Defendants to expunge the conviction for Fraud, credit the Plaintiff's 20 days earned time.  And any other relief the court deems just.

## D. CAUSE OF ACTION

6. Claim Six:  FALSIFICATION OF OFFENDER RECORDS (classification, medical, mental health) TO COVER-UP OFFICER MISCON-UCT AND INJURY TO THE PLAINTIFF

Supporting Facts:

### ALLEGATION AND GROUNDS

62. DOE DEFENDANTS employed by the COLORADO DEPARTMENT OF CORRECT IONS ET AL DELIBERATELY  ALTERED the Medical/Dental rating of the PLAINTIFFS CLASSIFICATION RECORDS from an intial 1/2 to a 3/2 so the the COLORADO DEPARTMENT OF CORRECTIONS ET AL could falsely claim the Plaintiff's medical condition had in no way been exacer-bated during her incarceration.

63. The Defendants CASE MANAGER MR DEPRIEST and CASE MANAGER MR MILLER employed by DENVER WOMENS CORRECTIONAL FACILITY ET AL, and CASE MANAGER MRS. HAGAR and CASE MANAGER MS. HOLLOWAY employed by LA VISTA CORRECTIONAL FACILITY ET AL, and CASE MANAGER MRS. DEAL employed by HIGH PLAINS CORRECTIONAL FACILITY ET AL, DELIBERATELY MAKE NEGATIVELY BIAS REPORTS ON THE PLAINTIFFS PROGRESS ASSESSMENT SUMMARY (PAS) TO DIMINISH THE PLAINTIFFS ABILITIES AND PROGRESS, SO THE DEFENDANTS COULD FALSELY CLAIM THE PLAINTIFF HAD MORE NEEDS FOR REHABILITATION, AND THERFORE JUSTIFY THE PLAINTIFFS CONTINUED INCARCERATION. The false and misleading reports are in the following areas Educational/Vocational, Employment, mental health, substance abuse.  The PAS is utilized by Community Corrections and the Parole Board in determining readiness for progression and release.

64. The Defendant MENTAL HEALTH WORKER DR. AUDET employed at LA VISTA CORRECTIONAL FACILITY ET AL DELIBERATELY GAVE THE PLAINTIFF A FALSE DIAGNOSIS OF DELUSIONAL DISORDER on 09/25/08 WITH THE INTENT TO DISCREDIT THE PLAINTIFFS REPORTS OF OFFICER MISCONDUCT at La Vista Correctional Facility.

65. The Defendant MENTAL HEALTH SUPERVISOR MS. NUEMISTER employed at LA VISTA CORRECTIONAL FACILITY ET AL DELIBERATELY RELAYED FALSE INFORMATION that the Plaintiff was delusional TO MENTAL HEALTH WORKER MS. LEHMAN AT TERRITORIAL CORRECTIONAL FACILITY TO DISCREDIT THE PLAINTIFFS REPORTS OF OFFICER MISCONDUCT and falsely claim the Plaintiff was  not being harmed at La Vista Correctional Facility.  December 2008

66. The Defendant NURSE PRACTIONER MARY KAYE CARTER employed at COLORADO WOMENS CORRECTIONAL FACILITY ET AL DELIBERATELY GAVE THE PLAINTIFF A FALSE DIAGNOSIS ON 01/08/09 of the following:
304.82 OTH SPEC DRUG DEPENDENCE CONT ABUSE
V15.82 PERS HX TABACCO PRS TABACCO HLTH CHRONIC
V11.3 PERSONAL HISTORY OF ALCOHOLISM
knowing the Plaintiff did not report having a substance abuse problem, and with the intent of FALSELY CLAIMING THAT THE PLAINTIFF INJURY WAS CAUSED BY HER LIFESTYLE PRIOR TO INCARCERATION, and that the Plaintiff's health had in no way been exacerbated during her incarceration.

### PLAINTIFF IS INTITLED TO RELIEF

67. TO DELIBERATELY FALSIFY AN OFFENDERS RECORDS (classification

## D. CAUSE OF ACTION

6. Claim Six Continued

67. medical, and mental health) OUT OF RETALIATION OR WITH THE INTENT TO DECEIVE, is a violation of an offenders right to due process, a violation of an offenders right to be equally protected, Cruel and Unusual Punishment, and a violation of the Federal Constitutions 5th, 8th, and 14th Amendments.

68. The Plaintiff is intitled to relief from the above Defendants by reason of the facts alleged in Claim #6.

<u>DEMAND FOR RELIEF</u>

69. The Plaintiff respectfully requests that this court enter judgment in her favor in the sum of two hundred fifty thousand dollars compensatory damages from the above Defendants the COLORADO DEPARTMENT OF CORRECTIONS ET AL and HIGH PLAINS CORRECT-IONAL FACILITY ET AL for deliberatley falsifying the Plaintiff's records. An order that the defendants expunge the false informat-ion from the Plaintiff's records. And any othe relief the court deems just.

## D. CAUSE OF ACTION

7. Claim Seven:    UNJUSTIFIED RESTRICTION OF THE GRIEVANCE PROCEDURE
DELIBERATE VIOLATION OF THE GRIEVANCE PROCEDURE,
<u>TO PREVENT THE PLAINTIFF FROM EXHAUSTING HER</u>
ADMINISTRATIVE REMEDIES

Supporting Facts:

<u>ALLEGATIONS AND GROUNDS</u>

70. On 07-14-06 the Defendant ASSOCIATE WARDEN BUTTERFIELD employed
by DENVER WOMENS CORRECTIONAL FACILITY ET AL UNJUSTIFIABLY
RESTRICTED THE PLAINTIFFS USE OF THE GRIEVANCE PROCEDURE. The
Defendants DELIBERATELY DENIED THE PLAINTIFFS ALLEGATIONS knowing
they were true, and FALSELY CLAIMED THEY WERE UNSUBSTANTIATED and
therefore<sub>∧</sub>"frivolous and excessive."
    her grievances considered

71. Defendant CASE MANAGER MR. MILLER DELIBERATELY LOST THE
PLAINTIFFS GRIEVANCE REGARDING PHYSICAL AND MENTAL INJURY submitted
on 10-16-07.  The Plaintiff had to resubmit the grievance again
No: LV 07/08-172 on 02-13-08.  DOE DEFENDANTS COLORADO DEPARTMENT
OF CORRECTIONS ET AL DID NOT PROVIDE RESPONSES TO STEP II AND
STEP III GRIEVANCES, then LOST RECORD OF STEP III grievance.

72. DOE DEFENDANTS HIGH PLAINS CORRECTIONAL FACILITY ET AL
VIOLATED PROCEDURE with the following grievances:
a.  LOST <u>Step III Grievance La Vista Correctional FAcility Mental
Health Falsifying mental health records</u>, and DID NOT FORWARD STEPIII
GRIEVANCE TO STEP III GRIEVANCE OFFICER at the Colorado Department
of Corrections.
b.  <u>No: C-BCF08/09-038 High Plains Correctional Facility denied
Plaintiff Medical Treatment for Chronic Fatigue Syn</u>, the Defendants
falsely claimed the Plaintiff did not have a Chronic Fatigue Diagnosis
in her medical file, the Defendants did not respond to Step II
within 25 days, then unjustifiably returned the Step III to the
Plaintiff, unjustifiably requesting that the Plaintiff resubmit
the Step III again.
c.  <u>No: C-BCF08/09-012 High Plains Correctional Facility Denied the
Plaintiff had a diagnosis for Chronic Fatigue Syndrome</u>, the
Defendant CASE MANAGER MS DEAL would not accept the Plaintiff's
Step III Grievance unjustifiably requireing the Plaintiff to
re-write the grievance and make it more brief and to start over
with Step I, 3-months after she submitted the original Step I, the
Defendants falsely claimed that the Plaintiff did not have a
Chronic Fatigue Diagnosis, the Defendants did not provide photo-
copies of the Step II Grievance when the Plaintiff signed the
response, making the Plaintiff late on her 5 day deadline to file
Step III Grievance.
d.  <u>No: C-BCF09/10-008 High Plains Correctional Facility causing
Mental Injury</u>, the Defendants unjustifiably returned Step I Grievance
to the Plaintiff stating "more than one problem," the Plaintiff
was required to re-write the Step I and resubmit it again approxi-
mately one month later, the Defendants did not provide photocopies
of the Step II Grievance when the Plaintiff signed the response,
making the Plaintiff late on her 5 day deadline to submit Step III.
e.  <u>No: BCF09/10-023 Facility wide harassment/retaliation at High</u>

## D. CAUSE OF ACTION

7. Claim #7 Continued

e. Plains Correctional Facility, the Defendants took 3 months to respond to Step I, the Defendants unjustifiably returned Step II to the Plaintiff when she submitted it befor the Defendants responded to Step I (the Plaintiff waited 6 weeks), the Defendant CASE MANAGER DEAL would not accept the Plaintiff's Step III and required the Plaintiff to re-write the grievance and start over with Step I again, three months after filing the original Step I. The Defendants did not provide the Plaintiff with photocopies of the Step II when the Plaintiff signed the response and made the Plaintiff late in submitting the Step III.
f. Step III High Plains Correctional Facility causing Physical Injury, the Defendant CASE MANAGER DEAL required the Plaintiff to re=write her Step III to make it more brief and start over with Step I after submitting the original Step I 3 months earlier Grievance No: BCF 09/10-011 (same subject), the Defendants did not provide the Plaintiff with photocopies of Step II when she signed the response making the Plaintiff late submitting the Step III.
g. No: BCF 09/1--012 Grievance officer violating the grievance procedure, the Defendants did not provide photocipies of Step II when the Plaintiff signed the response making the Plaintiff late submitting Step III.
h. No BCF 09/10-083 Assault encouraged by staff, the Defendants returned Step II to the Plaintiff stating no StepI & Step II attached.  The Defendants did not provide a response or photocopies for the Plaintiff to attach.  Step III was submitted a 2nd time at DENVER WOMENS CORRECTIONAL FACILITY ET AL.
i. No: BCF 09/10-085 Warden not following grievance procedure, the Defendant MAJOR T. ANDING did not follow through with the resol- her wrote in Step I, the Defendants did not provide a response to Step II.

73. The Defendant Step III GRIEVANCE OFFICER ANTHONY A DECESARO employed by the COLORADO DEPARTMENT OF CORRECTIONS ET AL DELIBERATELY VIOLATED TEH GRIEVANCE PROCEDURE BY UNJUSTIFIABLY DENYING THE PLAINTIFF'S GRIEVANCES:
a. No: CBCF 08/09-039, The Defendant stated it was a duplicate subject to No: BCF 08/09-036 knowing it was a different subject and a valid greivance.
b. No: CBCF09/10-012. No: CBCF 09/10-008, No: BCF 09/10-023, No: BCF 09/10-011, No: BCF 09/10012, the Defendant stated the Plaintiff made a procedural error when it was the Defendants HIGH PLAINS CORRECTIONAL FACILITY ET AL error for not providing photocopies for the Plaintiff.
c. No: CBCF 08/09-038, No: BCF 09/10-024, No: BCF 09/10-084, No: BCF 09/10-081, No: BCF 09/10-102, the Defendant falsely claimed that the Plaintiff's allegations were unsubstantiated knowing they were all true and valid.

### PLAINTIFF IS INTITLED TO RELIEF

74. WRONGFULLY AND UNJUSTIFIABLY RESTRICTING AN OFFENDERS USE OF THE GRIEVANCE PROCEDURE, AND DELIBERATELY VIOLATING THE GRIEVANCE PROCEDURE, DELIBERATELY AND UNJUSTIFIABLY DENYING AN OFFENDERS VALID GRIEVANCES, ALL TO PREVENT THE PLAINTIFF FROM EXHAUSTING ADMINISTRATIVE REMEDIES, OBTAINING RELIEF, AND TAKING LEGAL ACTION

## D. CAUSE OF ACTION

7. Claim Seven Continued

74. is a violation of an offender's right to due process, is a violation of an offender's right to be equally protected, Cruel and Unusual Punishment, and a violation of the Federal Constitutions 5th, 8th, and 14th Amendments.

75. The Plaintiff is intitled to relief from the above Defendants by reasons of the facts alleged in Claim #7.

### DEMAND FOR RELIEF

76. The Plaintiff respectfully requests this court to enter judgment in her favor in the sum of five hundred thousand dollars compensatory damages from the Defendants the COLORADO DEPARTMENT OF CORRECTIONS ET AL and HIGH PLAINS CORRECTIONAL FACILITY ET AL, for their violations of the Grievance Procedure in Claim #7.  And any other relief this court deems just.

## D. CAUSE OF ACTION

8. Claim Eight: RETALIATION AGAINST PLAINTIFF FOR FILING PRISONER COMPLAINT, WRONGFUL COPD CONVICTION AND PUNITIVE CONFINEMENT.

Supporting Facts:

### ALLEGATION AND GROUNDS

77. On 01/26/10 the defendants HEARINGS OFFICERS LT SILVA and CAPTAIN SEYBOLT employed by HIGH PLAINS CORRECTIONAL FACILITY ET AL UNJUSTIFIABLY AND WRONGFULLY CONVICTED THE PLAINTIFF OF A CLASS II COPD VIOLATION "UNAUTHORIZED ABSENSE." The Defendant intentionally misapplied the rules regarding offender leaving their cell after lockdown, when the Plaintiff was seeking officer assistance and protection from offender violence.

78. DOE DEFENDANTS employed by HIGH PLAINS CORRECTIONAL FACILITY ET AL COERCED OFFENDER DEFENDANT MERISCA MEARINEZ INTO FORCING THE PLAINTIFF INTO A VIOLENT CONFRONTATION. Will be verified by witness testimony.

79. The Defendant WARDEN RON MURRAY employed at HIGH PLAINS CORRECTIONAL FACILITY ET AL UNJUSTIFIABLY AND WRONGFULLY DENIED THE PLAINTIFFS OFFENDER APPEAL, knowing she was not guilty of the offense and acted appropriately in the situation. ~~that she~~

80. DOE DEFENDANTS HIGH PLAINS CORRECTIONAL FACILITY ET AL told offenders that Headquarters Colorado Department of Corrections "ordered" High Plains Correctional Facility to uphold the wrongful COPD conviction. Will be verified by witness testimony.

81. After the Plaintiff completed her sanctions "Probation with no loss of priveleges" the DOE DEFENDANTS DENVER WOMENS CORRECT-IONAL FACILITY ET AL GAVE THE PLAINTIFF ADDITIONAL SANCTIONS NOT STIPULATED AT HER HEARING, PUNITIVE CONFINEMENT OUT OF RETALIATION. March 11, 2010 Housing Unit 5B until April 1, 2010, Housing Unit 3A until the present or July 26, 2010.

82. The Defendants Housing Officers 3A (names on grievances) _several and dates_ at DENVER WOMEN'S CORRECTIONAL FACILITY ET AL provoked and intimid-ated the Plaintiff and coerced offenders to participate in the retaliation. Will be verified by witness testimony and daily journal documentation.

### PLAINTIFF IS INTITLED TO RELIEF

83. UNJUSTIFIED COPD CONVICTION AND UNJUSTIFIED PUNITIVE CONFINE-MENT OUT OUT OF RETALIATION, is a violation of an offender's right to due process, a violation of an offender's right to be equally protected, Cruel and Unusual Punishment, a violation of the Federal Constitutions 5th, 8th, 14th Amendments.

84. The Plaintiff is intitled to relief from the above Defendants by reasons of the facts alleged in Claim #8.

### DEMAND FOR RELIEF

85. The Plaintiff respectfully requests the court to enter judg-ment in her favor in the sum of two hundred fifty thousand dollar compensatory damages from the Defendants the COLORADO DEPARTMENT

D. CAUSE OF ACTION

8. Claim Eight Continued

85. OF CORRECTIONS ET AL, an order for the Defendants to expunge the COPD conviction for "Unauthorized Absense" and to credit the Plaintiff 20days earned time that was unjustifiably taken.  And any other relief the court deems just.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ___ No  (CHECK ONE).  If your answer is "Yes," complete this section of the form.  If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit.  The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

DENVER WOMENS CORRECTIONAL FACILITY PRISONER COMPLAINT PURSUANT TO 28 U.S.C. §1343 and U.S.C. §1983

2. Docket number and court name:

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

3. Claims raised in prior lawsuit:

HARASSMENT AND RETALIATION

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

The Plaintiff was being retaliated against and fearful of more retaliation so did not follow through.

5. If the prior lawsuit was dismissed, when was it dismissed and why?

Complaint Dismissed due to Plaintiff not following through.

6. Result(s) of any appeal in the prior lawsuit:

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

_x_ Yes ___ No  (CHECK ONE).

2. Did you exhaust available administrative remedies? _X_ Yes ___ No (CHECK ONE). The majority of grievances have been completed, however there are a few outstanding Step III grievances late with responses.  As the retaliation continues the Plaintiff continues to file more greivances.

## E. PREVIOUS LAWSUITS

2. Defendants: Denver Women's Correctional Facility
   Docket Number and court Name: DENVER DISTRICT COURT, DENVER
      COUNTY, STATE OF COLORADO  Case No: 08CV1382
   Claims: MOTION 106 VIOLATION OF DUE PROCESS
   Dismissed: 3-13-08  Due to late filing date

3. Defendants: CDOC Community Corrections Board and Tom Moore of
      CDOC Division of Adult Parole and Community Corrections,
      Executive Director of CDOC Mr. Zavaras
      Warden Reid, La Vista Correctional Facility
   Docket Number and Court Date: DISTRICT COURT, CITY AND COUNTY
      OF DENVER, STATE OF COLORADO,  Case No: 09CV514
   Claims: MOTION 106 VIOLATION OF DUE PROCESS
   ~~Pending~~ Dismissed Due to late filing.

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra
paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

The Plaintiff respectfully requests this court grant her and this
PRISONER COMPLAINT "TRIAL BY JURY."

The Plaintiff prays thiscourt will enter judgment in her favor ~~in~~
~~her favor~~ for the following claims:
Claim #1
1. Judgment in the sum of 3 million dollars compensatory damages
from the DEFENDANTS COLORADO DEPARTMENT OF CORRECTIONS ET AL and
HIGH PLAINS CORRECTIONAL FACILITY ET AL FOR DELIBERATE INFLICTION
OF UNNECESSAY AND WANTON ~~INFLICTION OF~~ MENTAL PAIN AND ANGUISH
upon the Plaintiff from December 2004 to the present 2010
2. Costs of this suit.
3. Any other relief this court deems just.

Claim 2
1. Judgment in the sum of three milllion dollars compensatory
damages from the Defendants the COLORADO DEPARTMENT OF CORRECTIONS
ET AL and HIGH PLAINS CORRECTIONAL FACILITY ET AL FOR PERMANENT
AND DISABLING INJURY TO THE PLAINTIFF,loss of wages, costs of
future medical treatments.
2. Costs of this suit.
3. Any other relief this court deems just.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this
complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. §
1746; 18 U.S.C. § 1621.

Executed on _Gune 4, 2010_
                    (Date)

_Julie L. Ponder_
                    (Prisoner's Original Signature)

(Rev. 1/30/07)                              8

## G. REQUEST FOR RELIEF

Claim 3
1. Judgment in the sum of two hundred fifty thousand dollars compensatory damages from the Defendants the COLORADO DEPARTMENT OF CORRECTIONS ET AL and HIGH PLAINS CORRECTIONAL FACILITY ET AL, for deliberate indifference and denial of medical treatment for Chronic Fatigue Syndrome and food intolerances. An order for the Defendants to provide all the standard and alternative medical treatment the Plaintiff needs for the remainder of her incarceration.
2. Costs of this suit.
3. Any other relief this court deems just.

Claim 4
1. Judgment in the sum of five hundred thousand dollars compensatory damages from the Defendants COLORADO DEPARTMENT OF CORRECTIONS ET AL for unjustifiable denial of progression to Community Corrections from 2006 to the present 2010. An order for the Defendants to immedi~ately progress the Plaintiff to I.S.P. community corrections if she is still incarcerated at the time of this judgment.
2. Costs of this suit.
3. Any other relief this court deems just.

Claim 5
1. Judgment of two hundred fifty thousand dollars compensatory damages from the Defendants COLORADO DEPARTMENT OF CORRECTIONS ET AL for wrongful and unjustifiable COPD conviction with the intent to deceive and discredit the Plaintiff. An order for the Defendants to expunge the COPD Conviction "Fraud" from the Plaintiff's records, credit the Plaintiff 20 days lost earned time.
2. Costs of this suit.
3. Any other relief this court deems just.

Claim 6
1. Judgment in the sum of two hundred fifty thousand dollars compensatory damages from the Defendants COLORADO DEPARTMENT OF CORRECTIONS ET AL for falsifying the Plaintiff records with the intent to decieve. An order for the Defendants to expunge the false information and replace it with correct information.
2. Costs of this suit.
3. Any other relief this court deems just.

Claim 7
1. Judgment in the sum of five hundred thousand dolars compensatory damages from the Defendants COLORADO DEPARTMENT OF CORRECTIONS ET AL and HIGH PLAINS CORRECTIONAL FACILITY ET AL for unjustifiably restricting the Plaintiff's use of the grievance procedure and deliberately violating the grievance procedure.
2. Costs of this suit.
3. Any other relief this court deems just.

Claim 8
1. Judgment in the sum of two hundred fifty thousand dollars compensatory damages from the Defendants the COLORADO DEPARTMENT OF CORRECTIONS ET AL and HIGH PLAINS CORRECTIONAL FACILITY ET AL for unjustifiable COPD conviction, and punitive confinement out retaliation. 2. Costs of this suit. 3. Any other relief this court deems just.

## CERTIFICATE OF MAILING

I Julie Ponder certify under penalty of perjury in according with 28. U.S.C 1746 that I mailed the following documents:
Letter to Judge
2nd AMENDED PRISONER COMPLAINT - ORIGINAL
4-Photocopies AMENDED PRISONER COMPLAINT

to the court addressed as show below via United States Postal Service, first class certified mail, postage prepaid.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
901 19th Street, Room 105
Denver, CO 80294

Dated this 7 day of June 2010.

_Julie L. Ponder_
Julie Ponder