IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00082-BNB

JULIE LYNN PONDER #109524,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, et al,
EXECUTIVE DIRECTOR A. ZAVARAS,
EXECUTIVE DIRECTOR JOE ORTIZ,
DENVER WOMEN'S CORRECTIONAL FACILITY, et al,
WARDEN SHOEMAKER,
WARDEN NOBLE WALLACE,
CASE MANAGER MR. MILLER,
CASE MANAGER MR. DEPRIEST,
INVESTIGATOR AL HOLTZ,
MENTAL HEALTH SUPERVISOR CAMMILE CARRHER,
HILLARY VICTOROFF,
LT PADGET,
LT SHELBLY,
ASSOCIATE WARDEN BUTTERFIELD,
INVESTIGATOR MR. SMALL,
SGT. CROSLEY,
CO MR. GORTNER,
SGT MR. KATZENBURG,
STEP III GRIEVANCE OFFICER ANTHONY DECESARO,
OFFENDERS KIM HARRIS, #116 208,
K. HUNT,
SALLY SCOTT,
A. RANDELL, #101545,
RUTH INGRAHAM,
HIGH PLAINS CORRECTIONAL FACILITY ET AL,
WARDEN RON MURRAY,
MAJOR ANDING,
MRS. T. ANDING,
LT. HERRICK,
LT. ANDERSON,
LT. FORRY,
CASE MANAGER MS. DEAL,
CAPTAIN SEYBOLD,
LT. SILVA,
DR. COHEN,
MENTAL HEALTH WORKER MS. KELLY MEAGHAN,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2010

GREGORY C. LANGHAM
              CLERK

DOE DEFENDANTS ON THE CALL-BOX-SPEAKER,
MR. LANGFORD,
OFFENDERS L. TRUJILLO, # 92989,
L. ORIGDERF, # 145379,
A. DJAOUNE, #137090,
MANZANARAS, #112734,
RENDON, #125388,
MERISKA MARTINEZ, #144137,
E. GARCIA, #58734,
LA VISTA CORRECTIONAL FACILITY ET AL,
WARDEN RIED,
CASE MANAGER MS. HAGAR,
CASE MANAGER MS. HOLLOWAY,
NP JUDY SIAZ,
DR. WERMER,
MENTAL HEALTH WORKER DR. AUDET,
MENTAL HEALTH SUPERVISOR MS. NUEMISTER,
COLORADO WOMENS CORRECTIONAL FACILITY, ET AL,
NP MARY KAYE CARTER,
COMMUNITY CORRECTIONS BOARD, ET AL, and
CDOC DIV OF ADULT PAROLE AND COMMUNITY CORRECTIONS, and
OFFENDER SERVICES ET AL,

     Defendants.

## ORDER OF DISMISSAL

Plaintiff, Julie Lynn Ponder, is in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Denver Women's Correctional Facility. Ms. Ponder initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on January 15, 2010.

On March 3, 2010, Magistrate Judge Boyd N. Boland determined that the complaint was deficient because it failed to comply with Fed. R. Civ. P. 8 and also failed to allege the personal participation of all named Defendants. Therefore, Magistrate Judge Boland ordered Ms. Ponder to file an amended complaint. After receiving an extension of time, Ms. Ponder filed an amended complaint on April 28, 2010.

On May 11, 2010, Magistrate Judge Craig B. Shaffer determined that the amended complaint was deficient because it again failed to comply with Rule 8 and failed to allege the personal participation of all named Defendants. Therefore, Magistrate Judge Shaffer ordered Ms. Ponder to file a second and final amended complaint, which she filed on June 9, 2010. Ms. Ponder has been granted leave to proceed *in forma pauperis*.

The Court must construe the second amended complaint liberally because Ms. Ponder is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons set forth below, the second amended complaint will be dismissed.

The Court has reviewed the 25-page, single-spaced, second amended complaint Ms. Ponder filed on June 9, 2010, and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judges Boland and Shaffer previously informed Ms. Ponder, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480

(10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Although Ms. Ponder purports to assert eight claims against fifty-seven defendants, in reality, each claim contains numerous sub-parts, separate claims and unrelated allegations. As a result, Ms. Ponder's second amended complaint is rambling, confusing and verbose. For instance, Ms. Ponder's first claim is titled "Deliberate Infliction of Unnecessary and Wanton Mental Pain and Anguish from 2005 to the Present." Second Amended Complaint at 6. In the first claim, which consists of twenty-five numbered paragraphs, she alleges that numerous defendants at several different facilities "sexually harassed" her, retaliated against her, "over-stimulated" her with loud noises, coerced other inmates into "provoking" her, encouraged other inmates to assault her, attempted to force her into a physical fight, and were deliberately indifferent to her medical care, dental care, diet, employment, housing, and legal assistance. *Id.* at 6-9. The remaining claims, while not as unnecessarily lengthy as

claim one, nonetheless contain numerous unrelated allegations against various defendants.

Ms. Ponder's allegations throughout the second amended complaint are occasionally vague and occasionally specific; however, she repeatedly refers the Court to grievances and exhibits that are not attached to the second amended complaint. It is not clear whether these exhibits were previously submitted to the Court or whether Ms. Ponder intends to submit them in the future. It is clear, however, that Ms. Ponder apparently expects the Court to piece together allegations from the complaint and amended complaint she originally filed with allegations in the second amended complaint. That is not a judicial function.

The Court also notes that Ms. Ponder may have meritorious claims in her second amended complaint. Nonetheless, because any meritorious claim is inextricably intertwined with numerous other vague, conclusory or meritless claims, in this case, the Court is unable to separate the potentially meritorious claims from those without merit. It is Ms. Ponder's responsibility to present her claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Ms. Ponder has failed to present her claims in such a format, because she has failed to state her claims in a clear, succinct, and factual manner.

Ms. Ponder also fails to show clearly the personal participation of each named Defendant in the asserted claims. As Magistrate Judge Shaffer pointed out in the May 11, 2010, order for a second amended complaint, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th

Cir. 1976). To establish personal participation, Ms. Ponder must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In the May 11, 2010, order for a second amended complaint, Magistrate Judge Shaffer informed Ms. Ponder that, in order to state a claim in federal court, her second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Ms. Ponder has failed to do so.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Rule 8 and must be dismissed. The Court notes that the dismissal is without prejudice. Therefore, Ms. Ponder may pursue her claims by initiating a new action that complies with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the second amended complaint filed on June 9, 2010, by Plaintiff, Julie Lynn Ponder, is dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this  22nd   day of   June  , 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00082-BNB

Julie Lynn Ponder
Prisoner No. 109524
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/10

GREGORY C. LANGHAM, CLERK

BY: _____
       Deputy Clerk